**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Steven Eric ROBY, Defendant–
Appellant.**

No. 01–5645.

United States Court of Appeals,
Sixth Circuit.

Nov. 21, 2002.

Before MERRITT and GILMAN, Circuit Judges; and TARNOW, District Judge.*

### OPINION

GILMAN, Circuit Judge.

Steven Eric Roby pled guilty to four counts of an indictment charging him with manufacturing, possessing with intent to distribute, and conspiracy to distribute methamphetamine. Roby appeals his conviction and seeks to start over, arguing that the district court did not have a proper factual basis for accepting his plea. He also alleges several technical defects in the indictment and the judgment. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

### I. BACKGROUND

**A. Factual background**

On March 1, 2000, police officers executed a search warrant at Roby's residence. They discovered methamphetamine and numerous items associated with its manufacture. Then, on June 28, 2000, police officers were conducting surveillance on a suspected methamphetamine laboratory in

---

* The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

a field near an abandoned house and barn when they observed two men wearing camouflage clothing approach the site. When the officers announced their presence, the two men fled. One of them, David Neil Higdon, was quickly apprehended. Higdon told the officers that the other man with him was Roby, and admitted that he and Roby had been on their way to the site to manufacture methamphetamine. According to Higdon, Roby was paying him to serve as a lookout while Roby concocted the drug. A subsequent search of the field, barn, house, and a nearby cellar revealed items associated with the production of methamphetamine. Roby was arrested later that day.

## B. Procedural background

A seven-count indictment was returned by the grand jury for the Western District of Kentucky against Roby and Higdon on July 19, 2000. The first four counts concerned the events of March 1, 2000. Count One charged Roby with attempting to manufacture methamphetamine, and Count Two charged him with the completed offense. The third count alleged that Roby possessed the drug with the intent to distribute. In the fourth count, Roby was charged with possession of a firearm in furtherance of a drug trafficking crime. The next three counts referenced the events of June 28, 2000. Count Five charged Roby and Higdon with conspiracy to manufacture methamphetamine, and Count Six charged them with its attempted manufacture. The last count charged Roby and Higdon with actual manufacture of the drug.

Roby subsequently entered into a plea agreement with the government. As part of the agreement, the government dismissed Counts Four and Seven. On February 5, 2001, the district court conducted a change-of-plea hearing. The government dismissed Count Two during the hearing after the court failed to find a factual basis for Roby's proffered guilty plea to that charge. Satisfied as to the factual bases for the other charges, the court accepted Roby's guilty pleas to Counts One, Three, Five, and Six. Roby was sentenced to a term of 120 months' imprisonment, followed by five years of supervised release. This timely appeal followed.

## II. ANALYSIS

### A. The district court did not err in accepting Roby's guilty plea to Count One of the indictment

Roby argues that we should reverse his conviction on Count One for three reasons. This count charged him with "attempt to knowingly and intentionally manufacture methamphetamine, a Schedule II controlled substance[,] [i]n violation of Title 21, United States Code, Section 846." His first claim is that the offense listed in the judgment of conviction for Count One is "Conspiracy to Attempt to Knowingly and Intentionally Manufacture Methamphetamine," in violation of 21 U.S.C. § 846, and that this discrepancy requires reversal. Roby points out that § 846 criminalizes conspiracies *or* attempts, but not conspiracy *to* attempt, and that the first count in the indictment was for attempt.

Roby, however, was plainly charged with and pled guilty to attempt. The error in the district court's judgment is clerical and may therefore be corrected pursuant to Rule 36 of the Federal Rules of Criminal Procedure. *United States v. Saikaly*, 207 F.3d 363, 372 (6th Cir.2000) (holding that where a judgment incorrectly listed the offenses of conviction, "the district court should correct the judgment and commitment order pursuant to Federal Rule of Criminal Procedure 36, which allows for the correction of such clerical errors").

Roby next argues that because § 846 criminalizes an "attempt to commit any offense defined in this subchapter," and because Count One did not explicitly cross-reference 21 U.S.C. § 841, which prohibits the manufacture of methamphetamine, the count "did not properly charge a crime against Appellant since he was not put on notice as to which statute he supposedly attempted or conspired to violate." We review the sufficiency of an indictment de novo. *United States v. Gatewood*, 173 F.3d 983, 986 (6th Cir.1999). Where, as in this case, the indictment is not challenged until appeal, "the indictment must be construed liberally in favor of its sufficiency. Furthermore, unless the defendant can show prejudice, a conviction will not be reversed where the indictment is challenged only after conviction unless the indictment cannot within reason be construed to charge a crime." *Id.* (internal citation and quotation marks omitted).

Count One informed Roby that he was charged with attempting to manufacture methamphetamine. The first page of the indictment lists all of the relevant criminal statutes, including both § 841 and § 846, immediately opposite the case caption. Furthermore, the crime and its penalties were fully discussed at the February 5, 2001 change-of-plea hearing. We conclude that, under these circumstances, Roby cannot show prejudice from the indictment's failure to list "21 U.S.C. § 841" under Count One.

Roby's final claim with respect to Count One is that the district court failed to establish a factual basis for his guilty plea as required by Rule 11 of the Federal Rules of Criminal Procedure. A defendant who challenges the district court's compliance with Rule 11 for the first time on appeal "has the burden to satisfy the plain-error rule." *United States v. Vonn*, 535 U.S. 55, 122 S.Ct. 1043, 1046, 152 L.Ed.2d 90 (2002). "Under that test, be-

fore an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affect[s] substantial rights." *United States v. Cotton*, 535 U.S. 625, 122 S.Ct. 1781, 1785, 152 L.Ed.2d 860 (2002) (internal quotation marks omitted) (alteration in original). An appellate court may exercise its discretion to notice the error if these three conditions are met, "but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (alteration in original).

The district court asked Roby at the change-of-plea hearing: "Mr. Roby, why don't you just tell me in your own words what you did on March the 1st that you find yourself charged with. What was it that you did if you did it?" Roby replied: "I had accumulated a lot of material to make methamphetamine." This is sufficient to establish a factual basis for a guilty plea to the crime of attempting to manufacture methamphetamine. *United States v. Tunning*, 69 F.3d 107, 112 (6th Cir.1995) (holding that the "ideal means to establish the factual basis for a guilty plea" is for the district court to elicit from the defendant a statement of his conduct that constitutes the crime). The district court, therefore, committed no error in accepting Roby's guilty plea to Count One.

**B. The district court did not err in accepting Roby's guilty plea to Count Three of the indictment**

Roby next contends that the district court failed to establish a proper factual basis for his plea of guilty to Count Three, which charged him with possession with intent to distribute methamphetamine. But Roby admitted at the change-of-plea hearing that he possessed methamphetamine on March 1, 2000 and that he would have and did let his friends use it with him on that date. These admissions suffice to establish a factual basis for Roby's guilty plea to Count Three. *Id.*

## C. The district court did not err in accepting Roby's guilty plea to Count Six of the indictment

 Roby makes two arguments in support of his final contention that his conviction on Count Six is invalid. That count charged him and Higdon with "attempt to knowingly and intentionally manufacture methamphetamine" on June 28, 2002. Roby first argues that because Count Six failed to specifically identify 21 U.S.C. § 841, it did not charge a crime, leaving the district court without subject-matter jurisdiction. As he concedes, however, this is the same argument that he levels against Count One. We accordingly reject the argument for the reasons set forth above in Part II.A.

Roby's remaining argument is that the district court did not establish a proper factual basis for his guilty plea to Count Six. At the change-of-plea hearing, however, Roby stated: "We set out to—we were going to try to make some meth, but—we intended to make meth." He elaborated on the steps that he and Higdon took toward manufacturing the drug: "We had some things, but we didn't have everything it would have took that day. As an afterthought, we did not have any liquid fire, and it would have took that." These statements provide a factual basis for Roby's guilty plea to Count Six. *Tunning*, 69 F.3d at 112.

## III. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.

\* The Honorable William Stafford, United States District Judge for the Northern District of Florida, sitting by designation.